Filed 7/22/14  P. v. Burciaga CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ARTURO BURCIAGA,<br><br>    Defendant and Appellant. | B252943<br><br>(Los Angeles County<br>Super. Ct. No. BA407675) |

THE COURT:[*]

A jury found appellant Arturo Burciaga guilty of the felony offense of the "sale/offer to sell/transportation of marijuana" in violation of Health and Safety Code section 11360, subdivision (a).  The jury acquitted his codefendant.  The trial court suspended imposition of sentence and placed appellant on formal probation for 36 months, on the condition that he serve 90 days in county jail.  He was ordered to pay certain fines and fees and given two days of presentence custody credit.  Appellant appealed from the judgment.

We appointed counsel to represent appellant on this appeal.  After examination of the record, counsel filed an "Opening Brief" in which no arguable issues were raised.  On

---

[*]    BOREN, P. J., ASHMANN-GERST, J., FERNS, J.[†]

[†]    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

April 25, 2014, we advised appellant that he had 30 days within which to personally submit any contentions or issues that he wished us to consider. No response has been received to date.

We have examined the entire record and conclude that it provides a factual basis to support the conviction. The prosecution presented the following evidence: On February 6, 2013, a six-man team of narcotics police officers with the Los Angeles Police Department (LAPD) convened at the intersection of 26th Avenue and Figueroa Street, a known drug trafficking area. Two officers were in a marked police vehicle, three officers were each in separate unmarked police vehicles, and LAPD Officer, Luz Bednarchik (Bednarchik), was undercover in plain clothes and on foot. She testified that the goal of the operation was to purchase narcotics.

Officer Bednarchik observed appellant and his codefendant David Rivera (Rivera) standing in a parking lot near a wall. Rivera was smoking a pipe, and Officer Bednarchik could smell marijuana. She had never seen either appellant or Rivera before, had received no prior information that either of them was selling narcotics, and had no reason to believe that either had ever sold narcotics.

Officer Bednarchik approached the men. Rivera said, "I'm sorry," and put the pipe behind his leg. Officer Bednarchik asked Rivera if he could sell her some "weed." Rivera replied, "Sure. He's got it," motioning to appellant. Officer Bednarchik made eye contact with appellant, who then asked how much she wanted. She told appellant that she had $20. Appellant removed a plastic container from his pocket, opened it, and poured some marijuana into the palm of his hand. He showed it to Bednarchik and told her it was worth $15. She offered $10 and appellant agreed. He handed her the marijuana and she handed him a $10 bill of prerecorded buy money. Officer Bednarchik said, "Thanks," and Rivera replied, "Sure. Any time. You're welcome."

After the transaction, Officer Bednarchik notified the rest of her team, and they approached and detained appellant and Rivera. Lab analysis later identified the amount of marijuana sold as 0.54 grams.

Appellant testified that on February 6, 2013, he and Rivera were waiting at 26th Avenue and Figueroa to meet a friend, and were then planning to head over to a nearby park. Rivera was on his lunch break and appellant was about to go to work. Rivera was smoking marijuana out of a pipe. Appellant had a "very little bit" of marijuana on him, but was not smoking it. Appellant noticed a woman approaching them. Rivera apologized and put the pipe down, in an attempt to show respect and avoid bothering her with the smoke. Appellant did not believe she was a police officer.

The woman asked Rivera, "Can I get some?" Appellant understood her to be asking for marijuana. Rivera responded, "Sure. He's got some," and pointed to appellant. She then asked appellant, "Do you know where I can get some?" and appellant replied, "No." Appellant and Rivera began to walk away and the woman followed. She asked a second time, "Do you know where I can get some?" Appellant noticed heavy bags under her eyes, and thought she looked stressed out, like she was going through some problems. He wanted to help her out a little bit, so he replied, "I can go to the shop for you." She said, "No. It will take too long. Can I get some of the one you got?" Appellant then asked, "How much do you want?" Appellant relented because the woman kept bugging him, was following him and would not leave them alone. He just wanted to "get her out of [his] hair." She asked for $20 worth; appellant told her he only had $15 worth, and showed her what he had. She asked if she could have it for $10, and appellant agreed "just to get rid of her." After giving her the marijuana, she "walked away real fast" and "cars came from everywhere." Appellant had never sold marijuana before, and was not planning to sell marijuana that day.

We are satisfied that appellant's attorney has fully complied with all responsibilities and that no arguable issues exist. (*People v. Wende* (1979) 25 Cal.3d 436, 441.)

The judgment is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.